BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AMTRAK TRAIN DERAILMENT AT ) DOCKET NO. 273
FRANKEWING, TENNESSEE, ON OCTOBER 1, 1975 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of five actions pending in two federal districts: four in the Middle District of Tennessee and one in the Northern District of Illinois. These actions have been brought by some of the fare-paying passengers on a train of the National Rail Passenger Corporation (Amtrak) which derailed at Frankewing, Tennessee, on October 1, 1975. At the time of the derailment there were 45 fare-paying passengers and 20 railroad employees on the train. The train was on the rail lines of the Louisville and Nashville Railroad Company (L & N) and was operated by train and engine crew members provided by the L & N to Amtrak pursuant to an operating agreement. Defendants in the actions are Amtrak and the L & N. Plaintiffs allege that they have suffered injuries because of defendants' negligence in operating the derailed train and in maintaining the railroad tracks in the vicinity of the accident.

Defendants move the Panel pursuant to 28 U.S.C. §1407 to transfer the action pending in the Northern District of Illinois to the Middle District of Tennessee for coordinated or consolidated pretrial proceedings with the four actions pending there.[1] Only the plaintiff in the Illinois action opposes transfer.

We find that these actions share common questions of fact and that transfer of the action pending in the Northern District of Illinois to the Middle District of Tennessee under Section 1407 for coordinated or consolidated pretrial proceedings with the actions pending in that district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[2]

Plaintiff in the Illinois action contends that many of the documents and witnesses relevant to her action are located in Illinois and that transfer of her action to the Middle District of Tennessee would impose undue hardships upon her and her witnesses.

We find these arguments unpersuasive. As is often true in multidistrict litigation arising from a single

---

[1] On the day that this matter was scheduled for hearing, the Panel filed an amended motion by defendants to transfer an apparently related action, Darle A. Dale v. National Railroad Passenger Corporation, et al., N.D. Illinois, Civil Action No. 76 C 3964, to the Middle District of Tennessee. Since this action came to the attention of the Panel too late to be included in the initial hearing, this action will be treated as a tag-along action. Rule 10(d), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

[2] Because none of the parties was present when this matter was called at the Panel hearing, the matter was deemed submitted for decision on the basis of the papers filed. Rule 14, id. at 264.

transportation disaster, the actions before us share many questions of fact concerning the respective liability of the defendants and therefore transfer under Section 1407 is necessary in order to prevent duplicative discovery and eliminate the possibility of conflicting pretrial rulings. See, e.g., In re Radiation Incident at Washington, D.C., 400 F. Supp. 1404, 1406 (J.P.M.L. 1975).

We believe that plaintiff's arguments, rather than relating to the issue of liability, relate to the issue of damages, which traditionally is unique to each action emanating from a single transporation disaster. Discovery pertaining to damage questions either may be scheduled by the transferee judge to proceed concurrently with the common discovery, or may be left for the supervision of the transferor court upon remand of the action at the completion of the common discovery proceedings. See id. In any event, the depositions of witnesses may be taken in the area of their residence, Fed. R. Civ. P. 45(d)(2), and thus there is usually no need for witnesses to travel to the transferee forum for pretrial under Section 1407. Furthermore, the judicious use of liaison counsel, lead counsel and steering committees can eliminate the need for most counsel ever to travel to the transferee district and thereby can greatly reduce any inconvenience which a party might otherwise incur as a result of transfer. See Manual for Complex Litigation, Part 1, §§1.90-1.93 (rev. ed. 1973).

The Middle District of Tennessee is clearly the most appropriate transferee forum for this litigation. Four of the five actions now before us are already pending there. See <u>In re Celotex Corporation "Technifoam" Products Liability Litigation</u>, 68 F.R.D. 502, 505 (J.P.M.L. 1975). In addition, we see no reason to deviate from our general rule of transferring transportation disaster litigation to the district that encompasses the situs of the disaster. See <u>In re Air Crash Disaster at John F. Kennedy International Airport</u>, 407 F. Supp. 244, 246 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the following Schedule A and pending in the Northern District of Illinois be, and the same hereby is, transferred to the Middle District of Tennessee and, with the consent of that court, assigned to the Honorable L. Clure Morton for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

SCHEDULE A

DOCKET NO. 273

Northern District of Illinois

| | |
|---|---|
| Margaret Backs v. Amtrak, Inc., et al. | Civil Action No. 76 C 2638 |

Middle District of Tennessee

| | |
|---|---|
| Elizabeth Marie Pennington v. National Railroad Passenger Corp., et al. | Civil Action No. 76-143-NA-CV |
| Randall Brent Thompson, et al. v. National Railroad Passenger Corp., and Louisville & Nashville Railroad Co. | Civil Action No. 76-321-NA-CV |
| Melville M. Barnes v. National Railroad Passenger Corp., and Louisville & Nashville Railroad Co. | Civil Action No. 76-352 NA-CV |
| Patricia Nixon v. National Railroad Passenger Corp. and Louisville & Nashville Railroad Co. | Civil Action No. 76-379-NA-CV |